UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
--------------------------------------------------X
Amber Golsby,

                Plaintiff,              Civil Action No: 13-470

   against

                                    **COMPLAINT AND**
                                    **DEMAND FOR TRIAL BY JURY**

AUDUBON FINANCIAL BUREAU, LLC., and
ADAM D. MARCH, individually

                Defendant.
--------------------------------------------------X

## NATURE OF ACTION

Plaintiff Amber Golsby ( "Plaintiff'"), by and through her attorneys, Fredrick Schulman & Associates, Attorneys at Law, brings this action to recover monetary damages, and declaratory and injunctive relief against, Defendants Audubon Financial Bureau, LLC. ("Audubon"), and Adam D. March ("March"), individually, arising from Defendants' violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in false, deceptive, misleading, or unfair collection practices, and respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

1

## PARTIES

3. Plaintiff is a natural person who at all relevant times herein, maintained her residence in Prince George County, at 1726 Bughtseat Road, Apt. 103, Hyattsville, Maryland, 20785.

4. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5. Upon information and belief, Defendant Audubon is a limited liability company chartered under the laws of the State of Delaware and authorized to conduct business in the State of Maryland, with its principal place of business located at 200 John James Audubon Parkway, Suite 301, Amherst, New York 14228.

6. Upon further information and belief, Audubon is engaged in the business of collecting debts incurred and alleged to be incurred, for personal, family or household purposes.

7. Upon information and belief and at all relevant times herein, Audubon is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

8. Upon information and belief, Audubon regularly uses the mail and telephone in conducting business.

9. Upon information and belief, Audubon was attempting to collect a "debt" from the Plaintiff as that term is defined in 15 U.S.C. §1692a(2) of the FDCPA.

10. Upon further information and belief, and at all relevant times herein, Audubon knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff ("Alleged Debt").

11. Upon information and belief, Defendant March, is an individual who is a member/manager and/or shareholder of Audubon.

12. At all relevant times herein, March regularly used the mail and telephone in conducting business, the main purpose of which is to collect consumer debts allegedly owed to others.

13. Upon information and belief, as an owner of Audubon, March regularly engaged, directly and indirectly, in the collection of Plaintiff's debt.

14. Upon information and belief, as an owner of Audubon, March materially participated in Audubon's collection activities.

15. Upon information and belief, as a member-manager and/or shareholder of Audubon, March oversaw Audubon's day-to-day operations.

16. Upon further information and belief, as an owner of Audubon, March exercised control over the affairs of Audubon's debt collection business.

17. Upon further information and belief, March created and/or approved the script used by Audubon's debt collector representatives and employees when leaving messages for consumers.

18. As such, March is a debt collector, as that term is defined by 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

20. Upon information and belief, beginning in or around February 2013, Defendants commenced collection activities against Plaintiff to recover the Alleged Debt by calling Plaintiff's home phone and cell phone, and occasionally leaving voicemail messages.

21. Defendants failed to provide Plaintiff with a 30-day notice in writing containing Plaintiff's statuary rights to dispute the debt and request validation, within 5 days of initial communication.

22. On or about March 3, 2013, Plaintiff called Defendant in an attempt to find out what the previous calls where regarding.

23. Plaintiff spoke with Defendants' representative who identified herself as Marie Anderson, at Ext. 192.

24. In said phone conversation, Defendant alleged that plaintiff committed fraud against a financial institute.

25. Defendant threatened to take legal action against Plaintiff regarding the alleged fraud.

26. Defendant pressured Plaintiff by stating that if Plaintiff would make a partial payment of $75, and agree to a payment plan in the amount of $149 per month, Defendants' would put a hold on Plaintiff's account and prevent all legal proceedings from taking place.

27. Defendants pressured Plaintiff into giving over her private debit card information in order to process the first $75 payment, and the future $149 payments in accordance with the payment plan.

28. In or around the beginning of April 2013, Plaintiff called Defendant and spoke to Defendants' representative, Marie Anderson.

29. Plaintiff verbally told Defendants that Defendants are not authorized to take out any further payments from Plaintiff's private debit account until she receives a written validation of the Alleged Debt.

30. Marie then transferred Plaintiff to another representative who was going to draft a validation letter for Plaintiff.

31. Defendant sent an email attachment that could not be opened by Plaintiff.

32. Plaintiff requested the email be sent again, twice, and was finally able to open the attachment on the third try.

33. On or about April 12, 2013, Defendant sent Plaintiff a payment reminder through email (herein incorporated and referred to as Exhibit A), in reply to her request for validation of the debt.

34. The document sent to Plaintiff, in no way provided validation of the original debt; rather it was merely a summary of Plaintiff's future payment plan.

35. Plaintiff replied to the email message with a second request to stop any and all payments from being deducted from her bank account.

36. On or around April 12, 2013, Plaintiff, scared that Defendant would not abide to her requests, and still debit her bank account without her authorization, was forced to withdraw all the remaining funds from her bank account.

37. Consistent with her fears, starting April 15, 2013, the date of the previously agreed upon payment date, Plaintiff received voice messages from Defendant notifying her that it had attempted to take out the arranged payments, and has been declined.

38. One of said messages was left by Defendant's representative who identified herself as Ms. Anderson, left a number to be contacted by, (866) 597-3383, ext. 192.

39. On more than one occasion, one of them being specifically on or about April 23, 2013, Defendant's representative, Stephanie, called Plaintiff on both her home and cell phone and left voicemail messages stating that a "civil judgment is now being filed".

40. On or about May 2, 2013, Defendant's representative, Ms. Anderson, now identifying herself as a Senior Partner, left a voicemail message on Plaintiff's home phone, referencing her extension number as Ext. 192.

41. In this message, Ms. Anderson threatened that Plaintiff's "Grace Period" was no longer valid and the legal documents in her civil case where being established.

42. Most recently, on March 3, 2013, Defendant's representative, Robert Price, left a voicemail message on Plaintiff's home phone.

43. In this message, Defendant stated he was calling "concerning a Civil Judgment claim" against Plaintiff.

44. Defendant identified itself as calling from "AFB &Associates", a name other than the true name of the company it was calling from.

45. Defendant threatened that a civil judgment was being filed against Plaintiff, on numerous occasions.

46. To date, no legal action has been taken by Defendant in regards to this matter against Plaintiff.

47. To date, Plaintiff has not been served with any legal documents by Defendant.

48. To date, Plaintiff still has not received any written communication from Defendant substantiating the claim that she owes any sum in which Defendant is legally authorized to collect.

49. As a result of Defendants' violation of the FDCPA, Plaintiff has been damaged, and is entitled to statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provision of the FDCPA

### COUNT I
### Violation of 15 U.S.C. §1692e
### AUDUBON

50. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "49" herein with the same force and effect as if the same were set forth at length herein.

51. Audubon's debt collection efforts attempted and/or directed towards Plaintiff violated

15 U.S.C. §1692e, in that Audubon made false, deceptive, and misleading representation in connection with the collection of the Alleged Debt, when it pressured Plaintiff and stated that she needed to make a payment right away.

52. As a result of Audubon's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## COUNT II
### Violation of 15 U.S.C. §1692e
### March

53. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "52" herein with the same force and effect as if the same were set forth at length herein.

54. March's debt collection efforts attempted and/or directed towards Plaintiff violated 15 U.S.C. §1692e, in that Defendant made false, deceptive, and/or misleading representation in connection with the collection of the Alleged Debt, when he pressured Plaintiff and stated that she needed to make a payment right away.

55. As a result of March's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## COUNT III
### Violation of 15 U.S.C. §1692e(5)
### AUDUBON

56. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "55" herein with the same force and effect as if the same were set forth at length herein.

7

57. Audubon violated 15 U.S.C. §1692e(5), in that Audubon threatened to take action that cannot be legally taken or that was not intended to be taken when it threatened Plaintiff with a civil suit.

58. As a result of Audubon's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## COUNT IV
## Violation of 15 U.S.C. §1692e (5)
## MARCH

59. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "58" herein with the same force and effect as if the same were set forth at length herein.

60. March violated 15 U.S.C. §1692e(5), in that March threatened to take action that cannot be legally taken or that was not intended to be taken when he threatened Plaintiff with a civil suit.

61. As a result of March's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## COUNT V
## Violation of 15 U.S.C. §1692e(10)
## AUDUBON

62. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "61" herein with the same force and effect as if the same were set forth at length herein.

63. Audubon violated 15 U.S.C. §1692e(10) in that Audubon used false representation and deceptive means in an attempt to collect the Alleged Debt when it misrepresented the consequences of non-payment of the Alleged Debt, and falsely represented to be calling from "AFB & Associates"

64. As a result of Audubon's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### COUNT VI
### Violation of 15 U.S.C. §1692e(10)
### MARCH

65. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "64" herein with the same force and effect as if the same were set forth at length herein.

66. March violated 15 U.S.C. §1692e(10) in that March used false representation and deceptive means in attempt to collect the alleged debt when he misrepresented the consequences of non-payment of the Alleged Debt, and falsely represented to be calling from "AFB & Associates"

67. As a result of March's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### COUNT VII
### Violation of 15 U.S.C. §1692e(14)
### AUDUBON

68. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "67" herein with the same force and effect as if the same were set forth at length herein.

69. Audubon violated 15 U.S.C. §1692e(14) in that Audubon used false representation and deceptive means in its attempt to collect the Alleged Debt from Plaintiff when Audubon identified itself as calling from AFB & Associates and failed to disclose the true name of its business.

70. As a result of Audubon's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## COUNT VIII
### Violation of 15 U.S.C. §1692e(14)
### MARCH

71. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "70" herein with the same force and effect as if the same were set forth at length herein.

72. March violated 15 U.S.C. §1692e(14) in that March used false representation and deceptive means in its attempt to collect the Alleged Debt from Plaintiff when Defendant identified himself as calling from AFB & Associates and failed to disclose the true name of his business.

73. As a result of March's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## COUNT IX
### Violation of 15 U.S.C. §1692f
### AUDUBON

74. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "73" herein with the same force and effect as if the same were set forth at length herein.

75. Audubon violated 15 U.S.C. §1692f in that Audubon used unfair and unconscionable means in an attempt to collect a debt by making threats and placing Plaintiff in a state of apprehension.

76. As a result of Audubon's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## COUNT X
### Violation of 15 U.S.C. §1692f
### MARCH

77. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "76" herein with the same force and effect as if the same were set forth at length herein.

78. March violated 15 U.S.C. §1692f in that March used unfair and unconscionable means in attempt to collect a debt by making threats and placing Plaintiff in a state of apprehension.

79. As a result of March's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## COUNT XI
### Violation of 15 U.S.C. §1692g
### AUDUBON

80. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "79" herein with the same force and effect as if the same were set forth at length herein.

81. Audubon violated 15 U.S.C. §1692g in that Audubon failed to send a 30-day validation notice to Plaintiff containing the Plaintiff's rights to dispute the debt and request validation, within 5 days of initial communication. To date, Defendant has not sent such a notice to Plaintiff.

82. As a result of Audubon's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## COUNT XII
## Violation of 15 U.S.C. §1692g(a)
## MARCH

83. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "82" herein with the same force and effect as if the same were set forth at length herein.

84. March violated 15 U.S.C. §1692g in that March failed to send a 30-day validation notice to Plaintiff containing the Plaintiff's rights to dispute the debt and request validation, within 5 days of initial communication. To date, Defendant has not sent such a notice to Plaintiff.

85. As a result of March's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

86. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Amber Golsby demands judgment from the Defendant Audubon Financial Bureau, LLC, and Defendant Adam D. March as follows:

A. For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B.    For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(a)(2)(A);

C.    For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D.    For a declaration that the Defendants' practices violated the FDCPA; and,

E.    For any such other relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
        May 6, 2013

Respectfully submitted,

By:   s/Jacob J. Scheiner
      Jacob J. Scheiner, Esq.
      Fredrick Schulman & Associates
      30 East 29TH Street
      New York, New York 10016
      (212) 796-6053
      jscheiner@fschulmanlaw.com
      Attorneys for Plaintiff

# EXHIBIT A



P.O. Box 901
Getzville, NY 14068

April 10, 2013

Amber Golsby
10114 SCOTCH HILL DR
UPPER MARLBORO, MD 20774

Account #:
Creditor:      **Cashnet USA Line of Credit**
Reference #:   6036116
Balance:       $1,173.32
Settlement:    $820.00

Dear Amber Golsby,

# Payment Reminder Notice

This letter is to verify that we Audubon Financial Bureau LLC as agent for **Cashnet USA Line of Credit** will be processing your payments as agreed. For your convenience, we include your payment arrangement details below as of the date of this letter. As a reminder every payment will include a processing fee of $6.95.

**Pay Plan Agreement:**

| |
|---|
| You agree to pay $75.00 on 3/15/13 |
| You agree to pay $149.00 on 4/15/13 |
| You agree to pay $149.00 on 5/15/13 |
| You agree to pay $149.00 on 6/15/13 |
| You agree to pay $149.00 on 7/15/13 |
| You agree to pay $149.00 on 8/15/13 |

In the event any transactions associated with account number          becomes returned, disputed, charged back, or unauthorized for any reason, this letter will void our agreement and at which time, we may accrue late fees back to the original loan date and immediately due in full.

Our office hours are Monday through Thursday 9:00am to 9:00pm EST and Friday 9:00am to 5:30pm EST. You may reach our office toll free at 866.597.3383.

*This communication is from a debt collector. This is an attempt to collect a debt; any information obtained will be used for that purpose.*

Sincerely,

Collections Department